DECISION
Plaintiffs filed their Complaint on December 2, 2010, requesting a "[r]efund of interest and discount, $143.55 + $75 fee for filing appeal." (Ptfs' Compl at 1.) A case management conference was held in this matter before Magistrate Jeffrey S. Mattson on January 19, 2011, during which the parties agreed that the facts are not in dispute and that the decision in this matter would be based on the parties' optional written arguments. The record closed March 21, 2011.
 I. STATEMENT OF FACTS
Plaintiffs stated in their Complaint that
 "[w]e never received our property tax bill from the county. A clerk in the Lane County Tax Collector's office had mistakenly entered the attorney's address which is below our mailing address on the Warranty Deed. Our property tax bill was sent to his office instead of any address of ours. * * * The attorney's office never informed us of the mistake, instead they placed our tax bill in with legal drafts they were sending to us, which we did not open until the evening of November 16th."
(Ptfs' Compl at 2.) Defendant admits that it "entere[ed] the incorrect mailing address into [its] computer system when processing the August 2010 Warranty Deed." (Def's Answer at 1.)
Plaintiffs' property tax statement for the 2010-11 tax year indicates that Plaintiffs would have received a discount of $125.03 if they had paid in full by November 15, 2010. (Ptfs' *Page 2 
Compl at 3.) Plaintiffs' receipt for payment of their 2010-11 property tax includes property tax interest in the amount of $18.52 for their payment on November 17, 2010. (Id. at 7.)
As a result of Defendant's failure to send Plaintiffs property tax bill to the correct address, Plaintiffs request "the appeal filing fee, interest accrued on [their] tax bill and the discount [they] would have received if [they] had been given the opportunity to pay by 11/15/2010." (Ptfs' Compl at 2.) Plaintiff Becky Cirkovic notes that she "only moved [to Oregon] in the spring of 2010. In the city where [she] paid property taxes since 1992 (Midland Texas), the tax statements were sent out in October and you had until January 31st to pay without incurring an interest penalty." (Ptfs' Ltr at 1, Mar 15, 2011.) She further notes that her "husband retired a here a few years ago, but he didn't know his property taxes were due November 15th. * * * He too lived in Midland Texas prior to moving to Oregon[.]" (Id.)
Based on prior decisions of this court, Defendant does not "believe [its] office can offer anything beyond the refunding of the interest." (Def's Ltr, Feb 16, 2011.)
 II. ANALYSIS
ORS 311.555 requires each owner of taxable property to "keep the tax collector * * * informed of the true and correct address" of the owner.[1] ORS 311.560 states that "[t]he tax collector shall note upon the tax roll * * * the true and correct address of each person * * * owning real or personal property in this state, as furnished under ORS 311.555 or as otherwise ascertained by the tax collector." ORS 311.565 states:
 "The failure of the tax collector to keep true and correct addresses, as provided in ORS 311.560, or to give the notice in the manner and form as provided for by ORS 311.545 to 311.550, shall not invalidate any proceeding to collect taxes, but shall subject the tax collector to any damages sustained by any person injured by the failure of the tax collector to keep the addresses or to give the notice." *Page 3 
This court has previously held that taxpayer's "damages" under ORS 311.565 include interest accrued as a result of late payment, but do not include the discount for early payment; an award of damages for early payment would require the court to speculate as to whether taxpayers would have paid by November 15 and what amount of taxes would have been paid. Leyva v. Lane County Assessor
(Leyva), TC-MD No 021281E at 3 (Feb 28, 2003); Campbell v.Multnomah County Assessor, TC-MD No 020187C at 4 (July 19, 2002).
The Oregon Supreme Court in Hood River County v. Dabney, stated:
 "[E]very citizen `is presumed to have known that his land was taxable, that in due course it would be assessed, a tax levy extended against it, and it would be placed on the tax rolls, that it was his duty to timely pay his taxes, that if he failed to do so, his land would be offered for sale and resale at a time and place specified in the statutes * * *."
246 Or 14, 28, 423 P2d 954 (1967) (citation omitted). The taxpayers in Leyva moved to Oregon from a different state and "they had never paid property taxes to Oregon and were not familiar with the system." Leyva, TC-MD No 021281E at 1. Nevertheless, the court in Leyva held that "[t]axpayers in Oregon are presumed to know their property is taxable and when their liability is due. Failure to receive the statement does not excuse taxpayers' failure to make timely payment." Id. at 4. Based on the forgoing, Plaintiffs are entitled to a refund of interest in the amount of $18.52, but not to the $125.03 early payment discount for full payment.
Plaintiffs also requested in their Complaint that the court refund the $75 fee paid to file this appeal. ORS 305.490(1) states that "Plaintiffs or petitioners filing a complaint or petition in the tax court shall pay a filing fee at the time of filing for each complaint or petition[.]" There is no provision in the statutes or court rules for a refund of that fee. Accordingly, Plaintiffs request must be denied. Now, therefore, *Page 4 
IT IS DECIDED that Plaintiffs' request for a refund of the $18.52 in interest is granted; IT IS FURTHER DECIDED that Plaintiffs' request for a refund of the $125.03 early payment discount for full payment is denied; and
IT IS FURTHER DECIDED that Plaintiffs' request for a refund of the $75 fee is denied.
Dated this ____ day of May 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on May 5, 2011. The Court filed and entered this documenton May 5, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009. *Page 1